IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRINE ROSAS, on behalf of herself and all others similarly situated, and as Private Attorney General, | No. C 12-5066 CW |
| | ORDER ADDRESSING NOTICE OF POTENTIAL APPEARANCE OF IMPARTIALITY AND POSSIBLE BASIS FOR RECUSAL PURSUANT TO 28 U.S.C. § 455(a) (Docket Nos. 22 in 12-5066, 20 in 12-5067) |
| Plaintiff, | |
| v. | |
| USFASTCASH; AMERILOAN; UNITED CASH LOANS; PREFERRED CASH LOANS; ONE CLICK CASH; MIAMI TRIBE OF OKLAHOMA, also known as MIAMI NATION OF OKLAHOMA; MIAMI NATION ENTERPRISES, also known as MNE; SANTEE SIOUX NATION; SFS, INC.; AMG SERVICES, INC.; AMG CAPITAL MANAGEMENT, LLC; BLACK CREEK CORPORATION; BLACK CREEK CAPITAL, LLC; BROADMOOR CAPITAL PARTNERS; HALLINAN CAPITAL CORPORATION; LEADFLASH CONSULTING, LLC; LEVEL 5 MOTORSPORTS, LLC; N.M. SERVICE CORP., formerly known as NATIONAL MONEY SERVICE; PARTNER WEEKLY LLC; PARK 269, LLC; ST. CAPITAL, LLC; THE MUIR LAW FIRM, LLC; TRIBAL FINANCIAL SERVICES; WEST FUND, LLC; SCOTT'S TRIBAL ENTITIES; SCOTT A. TUCKER; BLAINE A. TUCKER; CHARLES M. HALLINAN; CAROLYN HALLINAN; DON E. BRADY; ROBERT D. CAMPBELL; and TIMOTHY J. MUIR, | |
| Defendants. | |
| _____/ | |

United States District Court
For the Northern District of California

| | |
|---|---|
| AMY LYNNE BAILLIE, and KATHRINE ROSAS, on behalf of themselves and all others similarly situated, and as Private Attorney General, | No. C 12-5067 CW |

Plaintiffs,

v.

ACCOUNT RECEIVABLE MANAGEMENT OF FLORIDA, INC., formerly known as UNITED LEGAL CORPORATION; MTE FINANCIAL SERVICES, INC.; INSTANTCASHLOANTILLPAYDAY.COM; PROCESSING SOLUTIONS, LLC; INSTANT CASH USA, INC.; FIRST EAST, INC.; RIO RESOURCES; THOMAS ASSENZIO; JOLENE HART ASSENZIO; CHARLES HALLINAN; CAROLYN HALLINAN; CLK MANAGEMENT, LLC; WEB CASH NETWORK, LLC, doing business as RIO RESOURCES; DEXTER EMERALD GROUP, LLC; AMG SERVICES, INC.; SCOTT TUCKER; BLAINE TUCKER; PROFESSIONAL RECOVERY SYSTEMS; CHECK STOP UTAH, LLC; and EAST FINCHEY, LLC,

Defendants.

_____/

On October 11, 2012, Attorney Daniel J. O'Rielly, who represents Defendants Thomas Assenzio, Charles M. Hallinan and Hallinan Capital Corporation in the above-captioned cases, filed a notice of potential for appearance of impartiality and possible basis for recusal pursuant to 28 U.S.C. § 455(a). Docket Nos. 22 in 12-5066, 20 in 12-5067. In the notice, Attorney O'Rielly stated

> Mr. O'Rielly and his wife are both personal friends of Chief Judge Wilken's stepdaughter and son-in law. Mr. O'Rielly and his wife have socialized with Chief Judge Wilken and her husband on some occasions in recent years at social engagements hosted by Chief Judge Wilken's stepdaughter and son-in law.

2

Notice, 2.  Plaintiffs Amy Lynne Bailie and Kathrine Rosas respond
that these circumstances raise no reasonable question as to the
undersigned's impartiality.  Docket Nos. 25 in 12-5066, 23 in 12-
5067).

In "the absence of a legitimate reason to recuse himself, a
judge should participate in cases assigned." United States v.
Holland, 519 F.3d 909, 912 (9th Cir. 2008)(internal quotations and
citations omitted).  However, a judge shall recuse himself "in any
proceeding in which his impartiality might reasonably be
questioned."  28 U.S.C. § 455(a).  Under this standard, "the trial
judge is required to recuse himself only when a reasonable person
with knowledge of all the facts would conclude that the judge's
impartiality might reasonably be questioned." United States v.
Winston, 613 F.2d 221, 222 (9th Cir. 1980).  "The 'reasonable
person' is not someone who is 'hypersensitive or unduly
suspicious,' but rather is a 'well-informed, thoughtful observer.'
Holland, 519 F.3d at 913 (quoting In re Mason, 916 F.2d 384, 386
(7th Cir. 1990)).

A well-informed and thoughtful observer would not reasonably
question a judge's impartiality toward a party because the judge
was casually acquainted with the party's counsel as alleged here.
See United States v. Murphy, 768 F.2d 1518, 1537-1538 (7th Cir.
1985) ("In today's legal culture friendships among judges and
lawyers are common.  They are more than common; they are
desirable.  A judge need not cut himself off from the rest of the
legal community.  Social as well as official communications among
judges and lawyers may improve the quality of legal decisions.
.  .  .  Many courts therefore have held that a judge need not

United States District Court
For the Northern District of California

disqualify himself just because a friend--even a close friend-- appears as a lawyer.") (collecting cases); see also Sewer Alert Committee v. Pierce County, 791 F.2d 796, 798 (9th Cir. 1986) (upholding denial of recusal motion where the presiding judge had a friendship with the defendants); Carolina Cas. Ins. Co. v. Jones Helsley, PC, 2010 U.S. Dist. LEXIS 144464, at *2, 5-6 (E.D. Cal.) (denying recusal motion where one counsel of record was the brother of an acquaintance of the judge and had socialized with the judge on several occasions).

Accordingly, the Court concludes that recusal is not warranted under these circumstances.

IT IS SO ORDERED.

Dated: 10/16/2012

CLAUDIA WILKEN
United States District Judge